IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO., LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1306-MN |
| | ) | |
| L3HARRIS TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## L3HARRIS TECHNOLOGIES, INC.'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO TRANSFER

<table>
<tr>
<td></td>
<td>

David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
dfry@shawkeller.com
*Attorneys for Defendant*
</td>
</tr>
<tr>
<td>

OF COUNSEL:
Denise De Mory
Corey Johanningmeier
Brenda Entzminger
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
(650) 651-7248

Dated:  September 10, 2019
</td>
<td></td>
</tr>
</table>

## TABLE OF CONTENTS

Page

I.     INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT .............................................................................................................. 2

    A.     The Relatedness of The Delaware And Texas LTE Cases Strongly
        Supports Transfer. ............................................................................................ 2

    B.     The Issues Common to The Two LTE Cases Favor Transfer Under The
        Public And Private Interests. ........................................................................... 5

    C.     Huawei's Choice of Forum Is Entitled to Less Deference. ................................. 8

    D.     Huawei Already Conceded That Huawei's Delaware Claims Against
        L3Harris Could Have Been Brought in ED Texas. ............................................. 9

III.   CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Predictive Technologies, Inc. v. MarketDial, Inc.*,
    C.A. No. 18-963-CFC, 2019 WL 2745724 (D. Del. July 1, 2019)........................................ 2, 9

*Cashedge, Inc. v. Yodlee, Inc.*,
    No. Civ.A. 06-170-JFF, 2006 WL 2038504 (D. Del. July 19, 2006) ........................................ 6

*GE Healthcare Bio-Sciences AB v. Bio-Rad Laboratories, Inc.*,
    C.A. No. 18-1899-CFC, 2019 WL 1985183 (D. Del. May 6, 2019)..................................... 2, 9

*Good Technology Corporation v. MobileIron, Inc.*,
    C.A. No. 14-1308-LPS-CJB, 2015 WL 1458091 (D. Del. Mar. 27, 2015) ........................... 6, 7

*In re Link_A_Media Devices*,
    662 F.3d 1221 (Fed. Cir. 2011) ....................................................................................... 1, 8, 9

*Lony v. EI Du Pont De Nemours & Co.*,
    886 F.2d 628 (3d Cir. 1989) ............................................................................................ 1, 8, 9

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235, 102 S.Ct. 252 (1981)................................................................................. 1, 8, 9

*Smithkline Corp. v. Sterling Drug, Inc.*,
    406 F. Supp. 52 (D. Del. 1975)............................................................................................... 1

*VLSI Tech. LLC, v. Intel Corp.*,
    No. CV 18-966-CFC, 2018 WL 5342650 (D. Del. Oct. 29, 2018) ................................... 1, 7, 9

*Zazzali v. Swenson*,
    852 F. Supp. 2d 438 (D. Del. 2012)................................................................................. 1, 3, 5

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................ 3, 9, 10

**Rules**

Fed. R. Civ. P. 15 ....................................................................................................................... 10

## I.     INTRODUCTION

Judicial economy demands transfer of this case to the Eastern District of Texas ("ED Texas"), enabling Judge Gilstrap to preside over two Huawei LTE patent infringement cases with numerous common issues.  Having one judge oversee both LTE actions will eliminate duplicative filings and rulings and minimize the risk of inconsistent orders.  Huawei does not dispute that there are several common elements between the two LTE patent cases, including overlapping discovery.  To the contrary, Huawei's opposition asks the Court to conduct a detailed analysis of numerous issues that are already being litigated before Judge Gilstrap — previewing what will likely happen if the disputes remain separated across districts.  Delaware's strong public policy favoring litigation of related cases before the same court therefore warrants transfer of this case.  *Smithkline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 55 (D. Del. 1975) (Delaware has a "strong public policy favoring the litigation of related cases before the same tribunal").

Nothing in Huawei's opposition supports a different result.  Ignoring this "important" public policy factor, which under Delaware law, is a "powerful reason to grant a motion for transfer," Huawei instead suggests that its choice of forum should be controlling.  But Huawei's argument directly contradicts binding precedent.  *See Zazzali v. Swenson*, 852 F. Supp. 2d 438, 453 (D. Del. 2012) ("having one court decide related cases [a]s an important public policy factor in the analysis" and a "powerful reason to grant a motion to transfer") (internal quotation and citation omitted).  The United States Supreme Court, the Third Circuit, the Federal Circuit and the District of Delaware courts all instruct that a plaintiff's forum choice merits "less deference" if the plaintiff does not reside in the United States.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 265 (1981); *Lony v. EI Du Pont De Nemours & Co.*, 886 F.2d 628, 633-34 (3d Cir. 1989); *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011); *VSLI Technology LLC v. Intel Corp.*, No. 18-966-CFC, 2018 WL 5342650, at *5-6 (D. Del. Oct. 29,

2018); *Applied Predictive Technologies, Inc. v. MarketDial, Inc.*, C.A. No. 18-963-CFC, 2019 WL 2745724, at *3 (D. Del. July 1, 2019); *GE Healthcare Bio-Sciences AB v. Bio-Rad Laboratories, Inc.*, C.A. No. 18-1899-CFC, 2019 WL 1985183, at *5 (D. Del. May 6, 2019).

Plaintiff Huawei Technologies Co. Ltd. is a Chinese company, and therefore Huawei's choice is entitled to less deference in this patent case. As to the remaining factors, Huawei's opposition fails to rebut L3Harris's showing that the private and public factors overwhelmingly favor transfer. In sum, the interests of justice and the convenience of the parties and witnesses mandate transfer.

## II.   ARGUMENT

### A.   The Relatedness of The Delaware And Texas LTE Cases Strongly Supports Transfer.

The issues and evidence common to Huawei's Delaware and Texas LTE patent cases render transfer not only efficient for the courts but also convenient for the parties and witnesses. Huawei's Delaware and Texas LTE patents involve similar LTE telecommunication technology and are asserted as LTE standard essential. As alleged SEPs, the Delaware and Texas LTE patents give rise to the same FRAND counterclaims, with the same legal questions to be determined. Additionally, these two LTE actions allege the same infringing acts, accuse the same L3Harris products, and implicate the same third-party suppliers. Given all of these common elements, L3Harris has shown that there will be substantial discovery overlap between the two cases.

Expressly acknowledging that there is significant factual and evidentiary overlap between the two cases, Huawei has already requested a cross-use discovery agreement to avoid duplicative discovery.[1] Huawei Opp. (D.I. 15) 7; *see* Declaration of Corey Johanningmeier ("Johanningmeier

---

[1] In response to Huawei's proposal, L3Harris invited Huawei to send a draft agreement. However, Huawei has not forwarded any draft as of the time of this filing. At no time did L3Harris reject any proposal, as Huawei's opposition misstates. Johanningmeier Decl. ¶ 3.

Decl.") ¶ 3. By conceding this important factor to a Delaware court's Section 1404(a) analysis, Huawei provides this Court with "a powerful reason to grant transfer." *Zazzali*, 852 F. Supp. 2d at 453. Moreover, even if the parties can address some overlap with reuse of written discovery or deposition testimony applicable to both LTE cases, transfer ensures that only one judge will hear and resolve the disputes arising out of common discovery. Transfer likewise minimizes the risk of inconsistent rulings on the cases' common issues regardless of any cross-use discovery agreement.

Rather than address these issues directly, Huawei argues that transfer depends on finding numerous common characteristics among Huawei's two LTE patent cases *and* L3Harris's asserted patents, but this is a red herring. Huawei has asserted ten patents total against L3Harris; five here and five in Texas; eight of them are alleged to be LTE standard essential patents.[2] *See e.g.* Huawei Opp. (D.I. 15) 1. There is substantial overlap, which Huawei does not deny. Instead, Huawei repeatedly points out dissimilarities with the L3Harris patents to conceal the efficiency gains attained by having one judge oversee both Huawei LTE patent cases. Here, Huawei attempts to deflect attention from the common features shared between two siblings by repeatedly pointing out that two siblings and their unrelated neighbor have little in common. This analysis is irrelevant.

L3Harris's infringement counterclaims similarly should not affect the Court's analysis.

---

[2] Huawei's opposition states: "L3Harris asserts here that combining the Delaware and Texas Litigations would create efficiency gains since <u>eight out of the nineteen</u> total patents in the Litigations relate to LTE." Huawei Opp. (D.I. 15) 1 (emphasis added). Huawei's statement is inaccurate and misleading. <u>Eight out of ten</u> patents asserted by Huawei in its Delaware and Texas lawsuits involve LTE patents. L3Harris Opening Br. (D.I. 12) 11. Transfer of the Delaware LTE litigation to ED Texas would create efficiency gains because another LTE litigation is already pending in ED Texas and the two LTE patent cases share numerous common elements. L3Harris Opening Br. (D.I. 12) 2. The number "nineteen total patents," used prolifically by Huawei, is calculated by throwing in L3Harris's patents from the Texas patent infringement case that L3Harris successfully severed from the Texas *Huawei v. L3Harris* case – because those cases shared no commonality apart from the identity of the parties. E.D. Tex. Case No. 2:19-cv-00222-JRG, D.I. 1 at 4-5.

Huawei's incorrect aspersions about motivations can and should be disregarded. Indeed, L3Harris timely moved to amend its contentions in Texas relative to certain consumer products also accused here, and that motion was granted. *See* E.D. Tex. Case No. 2:18-cv-00439-JRG, D.I. 94.

The timing and content of L3Harris's contentions in Texas were proper and have no bearing on the outcome here (other than to further illustrate why this case could be efficiently presided over by one judge for discovery scope and pre-trial matters).

L3Harris has not taken contradictory positions in Texas and Delaware. In opposition, Huawei conflates two very distinct legal doctrines: (1) judicial economy is achieved by having the same judge oversee two related cases with numerous common issues; *versus* (2) the risk of jury confusion when trying two different parties' patent infringement cases before the same jury. Huawei Opp. (D.I. 15) 1-3.

The former – judicial economy – is the principal case-specific factor justifying L3Harris's transfer request. The common elements shared by at least the Delaware and Texas LTE patent cases give rise to overlapping legal issues and discovery. L3Harris argues that having one judge oversee these two cases eliminates duplicative work by two courts and reduces the risk of inconsistent rulings.[3] Also, Judge Gilstrap's prior experience with Huawei's LTE technology,[4]

---

[3] L3Harris's opening brief showed that if transfer were granted, Judge Gilstrap would not only oversee this case, but would also likely consolidate this action with the other *Huawei v. L3Harris* case for pre-trial purposes. L3Harris quoted from and attached Judge Gilstrap's consolidation order, which encouraged consolidation of "related cases." *See* L3Harris Opening Br. (D.I. 13-1 at 2). L3Harris's use of an ellipsis in quoting Judge Gilstrap does not "misstate" his order (which was also attached in full as an exhibit). Huawei Opp. (D.I. 15) 2, 16. If the case is transferred, it will be on Judge Gilstrap's docket, and presumably within the scope of his expressed preference for consolidation. L3Harris Opening Br. (D.I. 12) 8, n. 35.

[4] Judge Gilstrap does not lack "familiarity" with Huawei's LTE technology merely because it was "Magistrate Judge Payne who issued all substantive orders in [the *Huawei v. T-Mobile*] cases, which were later adopted by Judge Gilstrap." Huawei Opp. (D.I. 15) 7. Huawei's statement belies the substantial amount of time and effort a District Judge must expend in order to rule on the parties' objections to a Magistrate's Report, especially where dispositive motions are involved.

and with disputes between these parties, generates additional efficiency gains.

By contrast, the risk of jury confusion served as the basis of L3Harris's motion to sever its Texas patent infringement claims from Huawei's Texas LTE patent infringement claims, as well as the basis of the Court's order granting it.  The motion sought severance to avoid trying the two parties' distinct infringement cases together before the same jury.  Huawei Opp. (D.I. 15) 3 ("[T]here is significant <u>risk of jury confusion</u> … [T]his Court has recognized that '[t]rying these technologically disparate patents <u>in one case</u> creates no efficiency gains' …") (emphases added).  Judge Gilstrap found no common factfinder questions between the Texas L3Harris patent infringement claims and the Huawei LTE patent infringement claims.  E.D. Tex. Case No. 2:19-cv-00222-JRG, D.I. 1 at 4-5.  Accordingly, Judge Gilstrap severed the two Texas cases for purposes of jury trial but consolidated the actions for all other pre-trial purposes.  *Id.* at 7.

L3Harris's positions are entirely consistent.  In fact, having the same judge oversee the Delaware and Texas LTE patent cases saves judicial resources and avoids inconsistent orders on pre-trial matters even if these LTE cases are ultimately tried separately.

### B.      The Issues Common to The Two LTE Cases Favor Transfer Under The Public And Private Interests.

Having one court decide both LTE cases provides a "powerful reason to grant a motion to transfer."  *Zazzali*, 852 F. Supp. 2d at 453 (internal quotation and citation omitted).  Here, the number and nature of issues common to the LTE cases support transfer under the public interests,

---

The four *Huawei v. T-Mobile* patent infringement cases involved thirteen Huawei patents, numerous parties, well over four hundred docket entries per case, and each involved LTE patents that allegedly related to the LTE standard.  *See e.g. Huawei v. T-Mobile*, 2:16-cv-00052-JRG-RSP (D.I. 1). For each of these cases, Judge Gilstrap issued no fewer than thirteen Orders adopting the Reports and Recommendations of the Magistrate, including Orders on motions for summary judgment and motions to dismiss.  *Id.* (D.I. 178, 376, 377, 396, 397, 399, 414, 431-434, 443, 450). Judge Gilstrap also presided over hearings involving numerous party motions.  *See e.g. id.* (D.I. 386).  With this backdrop, there is no dispute that Judge Gilstrap gained familiarity with issues surrounding Huawei LTE technology.

such as judicial economy, and under the private interests as well. Huawei accuses the same L3Harris products in both LTE actions, therefore, at a minimum, the two cases will share identical document productions, document custodians and party witnesses as to those products. Additionally, there will be overlapping discovery for the FRAND counterclaims and the third-party witnesses common to both LTE actions, e.g. Nokia, Cisco, and Texas-based prosecution counsel Slater Matsil. Transfer eliminates redundant party filings and mitigates litigant expenses with respect to motions and appearances common to both LTE cases.

In *Cashedge*, the related actions pending between the parties in the transferor and transferee districts was the most important factor governing the court's decision to transfer. *Cashedge, Inc. v. Yodlee, Inc*., No. Civ.A. 06-170-JFF, 2006 WL 2038504, at *2 (D. Del. July 19, 2006) (relying on the related actions to support both private and public interest factors; "[i]mportantly, the same parties are currently litigating in the Northern District of California."). The court readily acknowledged that the two cases "are different," but noted that that private interests favored transfer in part because "the parties have proven capable to litigate there, and the court is already familiar with the parties and their technologies." *Id.* Huawei and L3Harris are no less capable to litigate in ED Texas, and in light of the four prior *Huawei v. T-Mobile* cases, Judge Gilstrap is similarly familiar with Huawei's LTE technologies.

Additionally, the court in *Cashedge* found that "the interests of judicial efficiency and justice are best served by transfer[]" because the two actions involved the same parties and "related or similar technologies for the judge to become familiar with[.]" *Id.* Likewise, in *Good Technology*, the court found that the patents in both cases "generally relate to the same broad field" but implicate "different technologic features." *Good Technology Corporation v. MobileIron, Inc., C.A.* No. 14-1308-LPS-CJB, 2015 WL 1458091, at *8-9 (D. Del. Mar. 27, 2015). The court agreed with the plaintiffs that the two cases were "not mirror-image litigations" but "defendant ha[d]

6

persuasively demonstrated that the matters share much in common." *Id.* at *9. Because one judge would oversee the two cases that involve numerous common elements "the benefits to the judicial system … favor[ed] transfer." *Id.*

Huawei's attempts to distinguish these cases are unavailing. Huawei misreads these District of Delaware opinions as requiring equivalence, as opposed to relatedness, between two cases. L3Harris demonstrated that there are numerous commonalities between the Delaware and Texas LTE patent cases which will generate both conveniences to the parties and witnesses, as well as efficiencies for the courts. Contrary to Huawei's claims, "mirror-image litigations" are not required to achieve convenience or efficiency by transfer. *See id.* Rather, having one judge preside over cases with common issues will nonetheless eliminate duplicative filings and orders and reduce the risk of inconsistent rulings.

Huawei claims that the instant case mirrors the facts of *VSLI Technology*, though the court's opinion there repeatedly highlighted defense counsel's open-court admissions that "the patents themselves were so different" and implicated a "variety of different technologies." *VSLI Technology*, 2018 WL 5342650, at *5-6.[5] In light of those admissions by Intel's counsel, Judge Connolly could not agree with Intel's incongruent argument that the technology, patents and subject matters of the two cases had sufficient overlap to justify transfer. *Id.* ("If the California patents are as different from and unrelated to each other as Intel argued in the California action, I

---

[5] Intel's admissions cited and highlighted in **bold** by Judge Connolly include:

> … These are **eight unrelated patents … that deal with a variety of different technologies.**
> [VSLI's counsel] is right. **They [the patents] do all address aspects of Intel's products, but that is really the only relationship [among the patents].** …
> **So it's a lot of different technology.**
> … [T]he problem is it's going to be different types of products for different cases – different patents, **because the patents themselves are so different.**

*Id.* (emphases and brackets in original).

fail to see how those patents as a group could substantially overlap with and be related to the five Delaware patents.").  By Intel's own admissions, the cases were unrelated in ways — and to a degree — not implicated on the facts here.

### C.    Huawei's Choice of Forum Is Entitled to Less Deference.

As a Chinese plaintiff, Huawei's efforts to gain "paramount consideration" for its forum choice simply are on the wrong tack.  In reversing a Delaware district court's transfer denial, the Federal Circuit in *Link_A_Media* found that "the district court placed far too much weight on the plaintiff's choice of forum[]" because that plaintiff was a foreign, Bermuda-based, company whose "choice of forum is entitled to less deference."  *Link_A_Media*, 662 F.3d at 1224 (*citing Piper Aircraft,* 454 U.S. at 256, 102 S.Ct. at 266).  Contrary to Huawei's misapprehension, there is no claim that the Federal Circuit "create[d]" a less deference standard.  Huawei Opp. (D.I. 15) 13. Instead, the Federal Circuit adopted this standard from the Supreme Court's holding in *Piper Aircraft*.  *See Link_A_Media*, 662 F.3d at 1224 (*citing Piper Aircraft,* 454 U.S. at 256, 102 S.Ct. at 266).

In *Piper Aircraft*, the Court held that the deference normally afforded to a plaintiff's forum choice was entitled to "less than maximum force where the plaintiff [is] foreign" because the rationale underlying that deference is inapplicable.  *Piper Aircraft*, 454 U.S. at 255, 102 S.Ct. at 265.  The Supreme Court explained that when a plaintiff chooses a home forum, "it is reasonable to assume that this choice is convenient[;] [w]hen the plaintiff is foreign, however, this assumption is much less reasonable."  *Id.*  The Third Circuit agreed, finding "the amount of deference due is less when the plaintiff is foreign."  *Lony*, 886 F.2d at 633-34 (*citing Piper Aircraft*, 454 U.S. at 255, 102 S.Ct. at 265).

Huawei has offered neither legal authority nor reason to explain why the Federal Circuit's adoption and application of *Piper Aircraft's* "less deference" standard for foreign plaintiffs does

not apply to the convenience analysis of this patent case.  Indeed, at least three different Delaware decisions have recognized that the "less deference" standard articulated by the Federal Circuit does apply to patent cases where the plaintiff is foreign.  *See e.g. Applied Predictive,* 2019 WL 2745724, at *3 (D. Del. July 1, 2019) (concluding that the "less deference" principle in *Link_A_Media* was inapplicable because plaintiff was a domestic corporation); *see also GE Healthcare,* 2019 WL 1985183, at *5 (finding "less deference" standard from *Link_A_Media* did not apply because two of the plaintiffs were domestic companies); *VSLI Technology*, 2018 WL 5342650, at *5-6.  For example, in *VSLI Technology*, a case urged by Huawei as instructive here, the Delaware district court held that "a plaintiff's forum choice in a patent case merits 'less deference' for § 1404(a) purposes only if the plaintiff does not reside in the United States."  *VSLI Technology*, 2018 WL 5342650, at *5-6.

Put simply, a foreign plaintiff like Huawei is not owed the assumption of convenience or given the "paramount consideration" accorded to domestic plaintiffs.  *See id; Piper*, 454 U.S. at 55, 102 S.Ct. at 265; *see Link_A_Media*, 662 F.3d at 1224; *and see Lony*, 886 F.2d at 633-34.

### D.  Huawei Already Conceded That Huawei's Delaware Claims Against L3Harris Could Have Been Brought in ED Texas.

Huawei recently filed an Amended Complaint in Texas against L3Harris.  *See* E.D. Tex. Case No. 19-cv-00222-JRG, D.I. 12, attached hereto as Exhibit A.  In that Amended Complaint, Huawei made allegations showing that it always knew that these Delaware claims could have been brought in Texas.  In addition to changing the named defendant from "Harris Corporation" to defendants "Harris Corporation and L3 Technologies, Inc.," which are L3Harris Technologies, Inc. (by its former name) and its subsidiary, Huawei also amended its venue contentions against both entities.  Johanningmeier Decl. ¶2, Exh. A.  Huawei's Amended Complaint alleges in pertinent part, "L3 has committed acts of infringement and has a regular and established place of

business in this judicial District located at 6900 K Ave, Plano, TX 75074." *Id.* at ¶13.  Huawei's Amended Complaint demonstrates that Huawei's Delaware claims against L3Harris could have been brought in ED Texas, including *when it commenced this action*.  *Id.* (Huawei's Amended Complaint was filed on August 29, 2019); *see* D.I. 1 (Huawei's Complaint was filed on July 12, 2019).

Satisfying Section 1404(a), L3Harris correctly noted in its opening brief that the patent infringement claims Huawei brought against L3Harris in Delaware could have been brought in Texas.  L3Harris Opening Br. (D.I. 12) 9.  To support this point, L3Harris's opening brief cited to Rule 15, which permits amendments to the pleadings.  *Id.* at 9, n. 41.  Huawei's Amended Complaint in its ED Texas lawsuit proves L3Harris correct.  Johanningmeier Decl. ¶2, Exh. A.  If Huawei could make those amendments as of August 29, 2019, Huawei could have likewise filed these LTE claims in ED Texas at the time Huawei filed its Delaware Complaint.  Therefore, there remains no dispute that Huawei had a right to bring its Delaware patent infringement claims in the ED Texas at the time Huawei commenced this action.

## III.    CONCLUSION

Delaware's strong public policy is furthered by having one judge oversee the two LTE patent cases involving the same LTE technology, the same accused products, and the same FRAND counterclaims.  Additionally, transfer will promote convenience to the numerous third-party witnesses located in ED Texas and those witnesses common to the two LTE actions.

For the reasons stated herein and in its opening brief, L3Harris respectfully requests that the Court grant the motion to transfer venue.

Respectfully submitted,

*/s/ David M. Fry*
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
dfry@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Denise De Mory
Corey Johanningmeier
Brenda Entzminger
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
(650) 651-7248

Dated:  September 10, 2019