# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>L3HARRIS TECHNOLOGIES, INC.,<br><br>        Defendant. | C.A. No. 19-1306-MN |

## PLAINTIFF HUAWEI TECHNOLOGIES CO., LTD.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT L3HARRIS'S MOTION TO TRANSFER

Of Counsel:

Kevin J. Post
Alexander E. Middleton
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000
kevin.post@ropesgray.com
alexander.middleton@ropesgray.com

James R. Batchelder
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
(650) 617-4000
james.batchelder@ropesgray.com

Dated: September 18, 2019

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Adam W. Poff (No. 3990)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
apoff@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff*

Plaintiff Huawei Technologies Co., Ltd. ("Huawei") respectfully moves for leave to file a short sur-reply pursuant to District of Delaware Local Rule 7.1.2(b) to address a new argument made in Defendant L3Harris Technologies, Inc.'s ("L3Harris") Reply Brief in Support of its Motion to Transfer (D.I. 18) ("Reply").

On August 19, 2019, L3Harris filed a Motion to Transfer (D.I. 11; *see also* D.I. 12) this case to the Eastern District of Texas ("ED Texas") pursuant to 28 U.S.C. ¶ 1404(a). Huawei opposed L3Harris's Motion on September 3, 2019 (D.I. 15), and L3Harris filed its Reply on September 10, 2019 (D.I. 18).[1]

In its Reply in support of its Motion, L3Harris made a new argument that this Delaware Litigation could have been filed in ED Texas due to the alleged physical presence and acts of infringement in ED Texas by L3 Technologies, Inc. ("L3"), L3Harris's recently acquired subsidiary and a non-party to this litigation. L3Harris did not identify L3 as a basis for imputing venue and personal jurisdiction over L3Harris in ED Texas in its opening brief even though, as L3Harris acknowledged,[2] L3 became a subsidiary of L3Harris on June 29, 2019, before it filed its Motion to Transfer on August 19, 2019. Thus, to the extent that L3Harris believed these facts supported its Motion to Transfer, L3Harris could have included this argument in its opening brief. Huawei's proposed sur-reply demonstrates that L3Harris does not show that it and L3 disregard their separateness and act as a single enterprise, and, thus, L3Harris's attempt to impute venue and personal jurisdiction to L3Harris from its new subsidiary L3 is improper.

The circumstances here warrant leave to file a short sur-reply since "[a] non-moving party always has the right to respond to new arguments raised in a reply by requesting leave to

---

[1] A corrected version of L3Harris's Reply was filed on September 11, 2019.
[2] L3Harris's original Reply filed September 10, 2019, stated that "L3 Technologies, Inc. became [L3Harris's] subsidiary on June 29, 2019 when its merger with L3 closed." Reply at 10, n.35. L3Harris omitted this language in its corrected version of its Reply filed on September 11, 2019.

file a sur-reply." *Catherine B. ex rel. B.B. v. Del. Coll. Preparatory Academy*, Civ. No. 16-06-CFC, 2019 WL 949204, at *5 (D. Del. Feb. 27, 2019) (citing *Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017)); *see also Fenicle v. Energy Future Holdings Corp. (In re Energy Future Holdings Corp.)*, No. 15-cv-1183-RGA, 2016 WL 5402186, at *1 n.4 (D. Del. Sept. 26, 2016) (granting leave to file sur-reply where party raised in reply a "new argument that Appellants should have an opportunity to address"); *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013) ("A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments.") (citation omitted). L3Harris inappropriately "reserve[d] material for the reply brief which should have been included in a full and fair opening brief." D. Del. L.R. 7.1.3(c)(2); *Southco, Inc. v. Penn Eng'g & Mfg. Corp.*, 768 F. Supp 2d 715, 721 (D. Del. 2011) (stating that the purpose of a reply brief is to respond to matters raised in the answering brief, and not raise new arguments).

Accordingly, Huawei respectfully requests leave to file a brief sur-reply to Harris's Reply. Pursuant to D. Del. L.R. 7.1.1, counsel for Huawei and counsel for L3Harris, including Delaware counsel for both parties, conferred by telephone on September 16, 2019, and counsel for L3Harris indicated that L3Harris opposes this motion.

Accordingly, for the foregoing reasons, Huawei respectfully submits that the Court should grant leave to file the attached proposed sur-reply (Exhibit A) and accompanying Declaration of Alexander E. Middleton (Exhibit B).

Dated: September 18, 2019

        YOUNG CONAWAY STARGATT &
        TAYLOR, LLP

Of Counsel:

        /s/ *Adam W. Poff*

Kevin J. Post         Adam W. Poff (No. 3990)
Alexander E. Middleton         Anne Shea Gaza (No. 4093)
ROPES & GRAY LLP         Samantha G. Wilson (No. 5816)
1211 Avenue of the Americas         Rodney Square
New York, NY 10036-8704         1000 North King Street
(212) 596-9000         Wilmington, DE 19801
kevin.post@ropesgray.com         (302) 571-6600
alexander.middleton@ropesgray.com         apoff@ycst.com
        agaza@ycst.com
James R. Batchelder         swilson@ycst.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor         *Attorneys for Plaintiff*
East Palo Alto, CA 94303-2284
(650) 617-4000
james.batchelder@ropesgray.com

## **CERTIFICATE OF SERVICE**

I, Adam W. Poff, hereby certify that on September 18, 2019, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> David M. Fry, Esquire
> Shaw Keller LLP
> I.M. Pei Building
> 1105 North Market Street, 12th Floor
> Wilmington, DE 19801
> *dfry@shawkeller.com*
>
> *Attorneys for Defendant*

I further certify that on September 18, 2019, I caused the foregoing document to be served via electronic mail upon the above-listed counsel and on the following:

> Corey Johanningmeier, Esquire
> Bunsow De Mory LLP
> 701 El Camino Real
> Redwood City, CA 94063
> *cjohanningmeier@bdiplaw.com*
>
> *Attorney for Defendant*

01:24990347.1

2

| | |
|---|---|
| Dated:  September 18, 2019 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | */s/  Adam W. Poff*<br>Adam W. Poff (No. 3990)<br>Anne Shea Gaza (No. 4093)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 N. King Street<br>Wilmington, Delaware 19801<br>302-571-6600<br>*apoff@ycst.com*<br>*agaza@ycst.com*<br>*swilson@ycst.com*<br><br>*Attorneys for Plaintiff* |

2

01:24990347.1