# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> L3HARRIS TECHNOLOGIES, INC., <br><br> Defendant. | C.A. No. 19-1306-MN |

**PLAINTIFF HUAWEI TECHNOLOGIES CO., LTD.'S
SUR-REPLY IN OPPOSITION TO L3HARRIS'S MOTION TO TRANSFER**

Of Counsel:

Kevin J. Post
Alexander E. Middleton
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000
kevin.post@ropesgray.com
alexander.middleton@ropesgray.com

James R. Batchelder
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
(650) 617-4000
james.batchelder@ropesgray.com

Dated: September 18, 2019

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Adam W. Poff (No. 3990)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff*

i

L3Harris's Reply (D.I. 18) raises a new argument that was not raised in its Opening Brief (D.I. 12).  Specifically, L3Harris argues for the first time in its Reply that this Delaware Litigation could have been brought in the Eastern District of Texas ("ED Texas") because Huawei alleged that L3Harris's new subsidiary, L3 Technologies, Inc. ("L3"), has a place of business in Plano, Texas.  D.I. 18 at 9-10.  But L3Harris has not provided any basis to impute L3's conduct to L3Harris, and, under the relevant case law, it cannot be.  Moreover, Huawei's jurisdictional allegations in Texas are based on L3Harris's **consent**, *i.e.*, L3Harris "submitted to personal jurisdiction," and venue in Texas "is proper . . . because Harris filed the Complaint" against Huawei.  D.I. 19, Ex. A, ¶¶ 11, 13.  Consent, however, is irrelevant to the where-it-might-have-been-brought analysis.  L3Harris's new argument regarding L3 in the context of Huawei's Amended Complaint has no relevance to its Motion to Transfer and does not overcome L3Harris's fundamental failure to make the threshold showing that Huawei's claims against defendant L3Harris could have been brought in ED Texas—*i.e.*, that both venue and jurisdiction would have been proper there for these claims.

### A.   L3Harris Has Not Identified Any Basis to Impute Subsidiary L3's Activities to L3Harris.

L3 is a subsidiary of L3Harris and, thus, is a separate entity from L3Harris.  In considering whether Huawei's case could have been brought in ED Texas, that court has confirmed that "a subsidiary's presence in a venue cannot be imputed to a parent unless the corporations disregard their separateness and act as a single enterprise." *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-cv-293-RWS, 2017 WL 6452802, at *1 (E.D. Tex. Dec. 18, 2017).[1]  Here,

---

[1] Courts in the Third Circuit have reached the same conclusion.  *See, e.g.*, *Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*, Nos. 17-374-LPS, 17-379-LPS, 2018 WL 5109836, at *4-5 (D. Del. Oct. 18, 2018) (finding no venue over parent based on a wholly owned subsidiary).

L3Harris does not show that L3Harris and L3 disregard their separateness and act as a single enterprise. Indeed, L3Harris admitted the two entities have separate principal places of business in different states, *i.e.*, Melbourne, Florida (L3Harris) and New York, New York (L3). Ex.[2]1, ¶¶ 8-9; *see also* D.I. 19, Ex. A, ¶¶ 8-9. If L3Harris and L3 truly did disregard their separateness, they would not have asserted as much. *See Quaker State Dyeing & Finish. Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3rd Cir. 1972) ("[A] subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business.") (quotation omitted).

This is not surprising. Before their merger, L3Harris and L3 Technologies were separate, multinational corporations, each with assets on the order of $10 billion. Ex. 2 at 1; Ex. 3 at 3. They did not shed their corporate separateness within the brief two-week period between their merger (June 29, 2019) and the filing of this Complaint (D.I. 1, July 12, 2019). *See Int'l Bus. Machs. Corp. v. Expedia, Inc.*, No. 17-1875-LPS-CJB, 2019 WL 3322542, at *4-7 (D. Del. Jul. 24, 2019) ("[T]he Court is certainly skeptical that such large, well-funded and well-known corporations . . . could ultimately be found to be so completely interconnected with [the parent entity] that their separate existence would amount to nothing more than a legal fiction.").

> **B.** **Huawei's Amended Complaint Naming L3 Does Not Demonstrate That Huawei Could Have Brought This Action in ED Texas Against Defendant L3Harris.**

L3Harris's new reliance on L3 places improper weight on that subsidiary's presence in Texas. The venue statute—28 U.S.C. § 1400(b)—provides that a patent-infringement suit may be brought either (1) "where the *defendant* resides," or (2) "where the *defendant* has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). That statute "is the sole and exclusive provision controlling venue in patent

---

[2] Cited exhibits refer to the Middleton Declaration filed herewith.

infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017) (citation omitted). L3Harris—the only defendant here—indisputably resides in Florida for venue purposes. *Id.* at 1517. As explained above, there is no basis to impute L3's Plano presence to L3Harris. Thus, L3Harris's reliance on the allegations against L3 does not establish that L3Harris has committed acts of infringement or has a place of business in ED Texas. *See In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017) ("As the statute indicates, it must be a place *of the defendant*.") (emphasis in original).

Similarly, L3Harris's new reliance on its subsidiary L3 fails to establish proper jurisdiction over L3Harris in ED Texas. Indeed, the Supreme Court has rejected such a jurisdictional theory: "The Ninth Circuit's agency theory thus appears to subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate, an outcome that would sweep beyond even the 'sprawling view of general jurisdiction' we rejected in *Goodyear*." *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014) (citation omitted). Instead of pointing to its subsidiary, L3Harris had to show that (1) *L3Harris* purposefully directed its activities to Texas, (2) Huawei's claims arise out of or relate to *L3Harris's* Texas-directed activities, and (3) the assertion of jurisdiction over *L3Harris* is reasonable and fair. *NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1376 (Fed. Cir. 2017). L3Harris's new argument does not address any of these requirements.[3]

L3Harris's argument concerning Huawei's jurisdiction and venue allegations in the

---

[3] Moreover, even if personal jurisdiction over L3 for its activities relating to the Texas Patents could be imputed to L3Harris (it cannot), L3Harris has not shown that L3's activities in ED Texas—which, at best, are based on different products practicing different technology that is covered by a different, unasserted patent—could create personal jurisdiction over its parent L3Harris for the claims brought in Delaware. *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, No. 4:18-cv-469, 2019 WL 3802184, at *5 (E.D. Tex. Aug. 13, 2019) ("[T]he prior appearance did not necessarily waive the personal jurisdiction requirement in future actions, nor constitute related business conduct within the jurisdiction.") (citation omitted).

Amended Complaint is unavailing because those allegations are based on consent. For almost 60 years, consent to venue and jurisdiction has been irrelevant in transfer analysis: "We do not think the § 1404 (a) phrase 'where it might have been brought' can be interpreted to mean, as petitioners' theory would require, 'where it may now be rebrought, with defendants' consent.'" *Hoffman v. Blaski*, 363 U.S. 335, 342-343 (1960). Indeed, both L3Harris and L3 have denied that ED Texas has personal jurisdiction over L3Harris and L3 for any action other than the current ED Texas Litigation. Ex. 1, ¶¶ 11-12. This should end the inquiry.

Because L3Harris's new argument regarding its new subsidiary L3 does not establish that this case could have been brought in ED Texas against L3Harris, the Court should deny L3Harris's Motion to Transfer.

Dated: September 18, 2019

Of Counsel:

Kevin J. Post
Alexander E. Middleton
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000
kevin.post@ropesgray.com
alexander.middleton@ropesgray.com

James R. Batchelder
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
(650) 617-4000
james.batchelder@ropesgray.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

 /s/  *Adam W. Poff*
Adam W. Poff (No. 3990)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
apoff@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff*

01:25210670.1